ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 OCT 21 PM 12: 35
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH D. KENNEDY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 311-041 |
| JANE &/OR JOHN DOE, et al., | ) ) ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Prior to screening, Plaintiff submitted a motion to stay proceedings so that he could amend his original complaint. (Doc. no. 7.) In an Order dated June 28, 2011, the Court informed Plaintiff that his request for a stay was moot because his complaint had not yet been screened and allowed Plaintiff 30 days from the date of that Order in which to amend his complaint. (Doc. no. 8.) The Court instructed Plaintiff that his amended complaint would

supersede and replace in its entirety Plaintiff's original complaint, and that Plaintiff was to submit only one amended complaint in accordance with the terms of that Order. (Id. at 3-4.) Plaintiff next requested extra time to amend his complaint (doc. no. 9), which the Court granted in part by allowing Plaintiff an additional 30 days to amend (doc. no. 11). Plaintiff filed his first amended complaint within the time limit set by that Order. (Doc. no. 13.) However, Plaintiff next filed a "Brief in Support" of his amended complaint over two weeks later, well past the extended deadline. (Doc. no. 14.)

As the Court instructed Plaintiff in its June 28th Order, Plaintiff was to submit only one amended complaint. (Doc. no. 8, p. 4.) The Federal Rules of Civil Procedure make no provision for briefs in support of a complaint. Moreover, although styled as a "brief in support" of his amended complaint, this document is structured as a stand-alone set of pleadings and is largely duplicative of Plaintiff's arguments in his amended complaint. Because this document is both untimely and exceeds the document limit as instructed by the Court, the Court will disregard this filing. The Court therefore proceeds to screen only Plaintiff's amended complaint. (Doc. no. 13.)

I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants in their individual and official capacities: (1) John or Jane Doe #1, a female correctional officer at JSP who signed for Plaintiff's mail on or around April 12, 2009 ("Jane Doe"); (2) John or Jane Doe # 2, another correctional officer at JSP who is described as the "Officer in Charge" at JSP on or around April 12, 2009 ("John Doe"); (3) Jose Morales, Warden of JSP; (4) the Honorable Donald W. Gillis, a Superior

2

Court judge in Johnson County, Georgia; and (5) James B. Stewart, III, Esq., an attorney for the State in Plaintiff's state habeas corpus action. (Doc. no. 13, pp. 1, 4,7-9, 11.)

Plaintiff alleges that he brought a state habeas corpus action in the Superior Court of Johnson County, where he sought to challenge his June 28, 2005 conviction based on claims of ineffective assistance of trial counsel and due process violations. (Id. at 8-10.) To support his habeas claims, Plaintiff alleges that the Superior Court subpoenaed authenticated copies of his medical and mental health records from New Horizons, a mental healthcare facility, which were to be delivered to Plaintiff at JSP. (Id. at 7.) According to Plaintiff, these documents were delivered to JSP on or around April 12, 2009, when Jane Doe signed for the package containing the records at issue. (Id.) However, Plaintiff states that John Doe, "believed to be [the] Officer in Charge" on that day, withheld this legal mail instead of delivering it to Plaintiff. (Id.) Plaintiff further alleges that he did not receive the package until January 16, 2010, nine months after the package was delivered. (Id. at 8.) Plaintiff states that he asked Defendant Morales for the names of the persons who had received and handled his legal mail, but Defendant Morales refused.[1] (Id.)

According to Plaintiff, he was denied meaningful access to the courts when he was unable to introduce the mental health records at issue as evidence. (Id.) Plaintiff states that during an evidentiary hearing in the state habeas proceedings, he attempted to introduce his mental health records, but that Defendant Stewart "incorrectly and unlawfully" objected to

---

[1]Plaintiff states that Defendant Morales later told him that Jane Doe had been terminated, although Plaintiff alleges that the real reason she was terminated was for permitting contraband into JSP rather than for mishandling or withhold his mail. (Doc. no. 13, p. 8.) Plaintiff further alleges that Defendant Morales refused his request for an official letter from prison officials explaining JSP's fault in withholding Plaintiff's legal mail. (Id.)

3

their introduction into evidence. (Id. at 9-10.) Plaintiff further alleges that Judge Gillis intentionally and unlawfully sustained Defendant Stewart's objection, thereby prejudicing Plaintiff in his habeas action. (Id. at 10.) In his request for relief, Plaintiff seeks monetary damages against all Defendants. (Id. at 11-12.)

## II. DISCUSSION

### A. Failure to State a § 1983 Claim Against Defendant Stewart

Plaintiff's claims against Defendant Stewart are subject to dismissal because his role as a prosecutor entitles him to immunity. "In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 860 (2009)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Id. (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court," Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted), and extends "to certain post-sentencing conduct of a prosecutor," such as a post-sentencing habeas corpus action. Hart v. Hodges, 587 F.3d 1288, 1296 (11th Cir. 2009) (*per curiam*) (citing Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976)).[2]

Here, Defendant Stewart's actions were taken pursuant to his role as a prosecuting

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

attorney. See Bruce, 537 F.2d at 852 (noting that immunity protects a prosecutor's conduct in both state trial and subsequent habeas proceedings). Accordingly, Defendant Stewart is entitled to prosecutorial immunity for Plaintiff's claims against him.

### B. Failure to State a § 1983 Claim Against Judge Gillis

Plaintiff's complaint fails to state a claim against Judge Gillis because, as a judge, he is entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Defendant Gillis was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Gillis acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations concern actions taken by Judge Gillis that relate to a state habeas petition brought by Plaintiff. Thus, his actions qualify as activity of a type usually performed by judges. Accordingly, Judge Gillis is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim for relief.

5

### C. No Official Capacity Claim for Damages

Plaintiff attempts to proceed against all Defendants in their official and individual capacities. (Doc. no. 13, p. 11.) As noted above, in his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (See id. at 12.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law, and they should be dismissed from this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Stewart and Gillis be **DISMISSED** from this action and that Plaintiff's official-capacity claims for money damages be **DISMISSED**.[3]

SO REPORTED and RECOMMENDED this 21st day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Morales, Jane Doe, and John Doe, in their individual capacities, based on Plaintiff's denial of access to the courts claim.

6