ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAY 14 PM 3: 52
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH D. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-041 |
| | ) | |
| JOSE MORALES, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At the time of the events giving rise to the above-captioned case brought pursuant to 42 U.S.C. § 1983, Plaintiff was an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia. The case is now before the Court on Defendants' motion for summary judgment, filed on February 7, 2012. (Doc. no. 30.) Plaintiff initially filed a motion requesting that the Court "stop the clock" or appoint counsel to represent him (doc. no. 32), but then subsequently filed a motion to voluntarily dismiss his case without prejudice (doc. no. 34). The Court denied his request for counsel but explained that it was willing to grant him an extension of time to respond to Defendants' motion, and allowed him until March 9, 2012, to inform the Court whether he intended to proceed with the case. (Doc. no. 36.) Although Plaintiff did not so inform the Court, he again requested appointment of counsel, evidencing his desire to proceed with his case. (Doc. no. 37.) The Court denied the second request for counsel and issued an Order explaining the ramifications of failing to file a response to Defendants' motion, granting Plaintiff until April 13, 2012 to

respond, and directing Plaintiff to file a response within the allotted time. (Doc. no. 39.) No such response has been filed, and Defendants' motion is therefore unopposed.[1] Loc. R. 7.5.

For the reasons set forth below, the Court **REPORTS AND RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**, that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

I. **FACTS**

As noted above, Plaintiff was an inmate at JSP during the time period relevant to this case. (See doc. no. 13, p. 4.) In his amended complaint,[2] Plaintiff alleged that he brought a state habeas corpus action in the Superior Court of Johnson County, seeking to challenge his June 28, 2005 conviction. (Id. at 8-10.) Plaintiff also alleged that the Superior Court subpoenaed certified, authenticated copies of his medical and mental health records from

---

[1] In addition to the Court's Order instructing Plaintiff about the effect of failing to respond and giving him additional time to prepare a response, the Clerk initially gave Plaintiff notice of Defendants' motion for summary judgment at the time it was filed, and also apprised him of his right to file affidavits or other materials in opposition and informed him of the consequences of failing to respond. (Doc. no. 31.) Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied. Of course, the Court acknowledges that the mere fact that the instant motion is unopposed does not entitle the Court to grant the motion without considering the merits. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.") (citation omitted).

[2] Plaintiff's amended complaint is sworn and describes facts based upon personal knowledge. (See doc. no. 13.) As the verified complaint meets the requirements of 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(e), it is sufficient to create an issue of material fact in response to Defendant's motion. See United States. v. Four Parcels of Real Prop., 941 F.2d 1428, 1444 (11th Cir. 1991). Thus, the Court's Statement of Facts is taken from the verified complaint and the documents supporting Defendants' motion.

New Horizons, a mental healthcare facility, which were to be delivered to Plaintiff at JSP; Plaintiff intended to use these records to support claims in his habeas corpus action that he received ineffective assistance of counsel and that his due process rights were violated. (Id. at 7, 10.) Plaintiff alleged that these records were delivered to JSP on or about April 12, 2009, when Defendant Evans[3] signed for the package. (Id. at 7.) Plaintiff further averred that Defendant O'Neal,[4] who Plaintiff asserts was the Officer in Charge on that day, withheld this legal mail instead of delivering it to him. (Id.) As a result, Plaintiff alleged that he did not receive the package containing his medical and mental health records until January 16, 2010, nine months after it was delivered and just three days before the hearing in his state habeas proceeding. (Id. at 8.) When he received the package, Plaintiff averred that it had been opened out of his presence and its contents "were in EXTREME disarray" (id. (emphasis in original), although Plaintiff did not indicate that any of the records were missing or damaged in any way.

Plaintiff further alleged that he asked Defendant Morales, the Warden at JSP, for the names of Defendants Evans and O'Neal, as well as a letter explaining JSP's fault in withholding Plaintiff's legal mail, but Defendant Morales refused. (Id.) According to Plaintiff, Defendants' actions denied him meaningful access to the courts when he was unable to introduce the medical and mental health records during the evidentiary hearing in

---

[3] In his amended complaint, Plaintiff identified the officer who had signed for his mail on April 12, 2009 as "Jane Doe." (Doc. no. 13, p. 7.) This Defendant was later identified as Dorothy Evans. (Doc. no. 23.)

[4] In his amended complaint, Plaintiff identified the Officer in Charge on April 12, 2009 as "John Doe." (Id.) This Defendant was later identified as "Wesley O'Neal." (Doc. no. 25.)

3

his state habeas proceeding. (Id.) Based on the allegations in the amended complaint, the Court allowed Plaintiff to proceed against Defendants Morales, Evans, and O'Neal on a claim of denial of access to the courts.[5] (Doc. no. 15, p. 4.)

In support of the instant motion, Defendants have provided a copy of Plaintiff's conviction for burglary in the Superior Court of Muskogee County, which Plaintiff sought to challenge in his habeas corpus action. (Doc. no. 30, Ex. B.) Defendants have also provided copies of the transcript from a hearing conducted on January 19, 2010 for Plaintiff's state habeas corpus action in the Superior Court of Johnson County, as well as a copy of the court's order denying Plaintiff's habeas petition. (Id., Exs. A & C.) During the hearing, over which the Honorable Donald W. Gillis presided, Plaintiff attempted to have admitted into evidence certified, authenticated copies of his medical and mental health records. (Ex. A, pp. 4-12.) Although it is unclear whether these are the same records that Plaintiff received on January 16, 2010, Plaintiff did not indicate during the hearing that he was still awaiting or was otherwise missing any of his medical or mental health records. (See generally id.) During the hearing, the respondent's attorney argued against admission of the records, asserting that they constituted hearsay and were irrelevant to the proceeding. (Id. at 4-10.) Judge Gillis sustained the relevancy objection and denied admission of the records into evidence. (Id. at 12.)

---

[5]Contemporaneously with the Order allowing Plaintiff to proceed with these claims, the Court issued a Report and Recommendation in which it recommended the dismissal of two other Defendants named in the amended complaint, as well as Plaintiff's official-capacity claims for money damages. (See doc. no. 16.) The Court's Report and Recommendation was later adopted as the opinion of the District Court. (Doc. no. 28.) Thus, only Petitioner's denial of access to courts claim discussed above remain in this case.

4

On April 16, 2010, Judge Gillis denied Plaintiff's habeas corpus petition, finding that Plaintiff's failure to appeal his conviction and sentence operated as a procedural bar to all but one of the original and amended grounds of his habeas petition; Judge Gillis denied the sole remaining ground – Plaintiff's amended ground 6 – on the merits. (Ex. C, pp. 4-5.) In amended ground 6, Plaintiff alleged that his due process rights were violated when his former trial counsel was appointed to handle his direct appeal, yet never filed the appeal.[6] (Id. at 5.) Judge Gillis found this claim to be without merit because Plaintiff failed to provide evidentiary support for this claim; on the contrary, Judge Gillis found that Plaintiff advised his trial counsel, James Messner, that he did not want Mr. Messner to represent him on appeal and that Plaintiff or his family would retain another attorney to represent Plaintiff on appeal. (Id.) On October 4, 2010, the Supreme Court of Georgia denied Plaintiff's Application for Certificate of Probable Cause to appeal the denial of his habeas corpus petition. (Id., Ex. D.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case.[7]

---

[6]Based on the habeas transcript, it appears that on the day Plaintiff went to court to enter a guilty plea in his underlying criminal case, he fired his trial counsel and chose to proceed to trial *pro se*. (Ex. A, p. 11.))

[7]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the

5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must

---

outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Merits of Plaintiff's Claims

Plaintiff argues that Defendants denied him meaningful access to the courts when he was unable to introduce his medical and mental health records into evidence to support his habeas corpus action. (Doc. no. 13, pp. 7-8.) Defendants contend they are entitled to summary judgment because Plaintiff has failed to show that he suffered an actual injury as a result of Defendants' conduct. (Doc. no. 3, pp. 3-5.)

The Court recognizes that the First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to state a viable denial-of-access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Id. at 349-55. The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim:

> [A] plaintiff first must show actual injury before seeking relief. . . . This essential standing requirement means that [the defendant's] actions that

7

> allegedly violate[d] [a plaintiff's] right of access to the courts must have impeded the [plaintiff's] pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [the defendant].

Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citations omitted). In addition, for an underlying claim to be considered viable, "the arguable nature of the underlying claim" must amount to "more than hope" of obtaining relief. Christopher v. Harbury, 536 U.S. 403, 416 (2002) (internal quotations omitted); see Barbour v. Haley, 471 F.3d 1222 (11th Cir. 2006) ("[T]he plaintiff must identify within his complaint a nonfrivolous, arguable underlying claim." (citations and quotations omitted)).

Here, Plaintiff has failed to demonstrate that he has suffered an actual injury as a result of Defendants' actions. Despite the alleged delay in receipt of his medical and mental health records, Plaintiff alleged that he received the records at issue on January 16, 2010. (Doc. no. 13, p. 8.) Although the evidentiary hearing in Plaintiff's state habeas corpus action was held only three days later, the transcript from that hearing shows that Plaintiff attempted to introduce a set of his medical and mental health records into evidence with no indication that the records were incomplete or had been damaged. (Ex. A, pp. 5-12.) The transcript also shows that Judge Gillis disallowed the records because they were irrelevant to Plaintiff's habeas petition, not because of any delay, damage to, or incompleteness in the records.[8] (Id. at 7-13.) Yet as Defendants persuasively argue (doc. no. 30-6, p. 4), even if the Court were to assume for the sake of argument that the records Plaintiff presented at the hearing were

---

[8]Judge Gillis also noted that because there was no one to authenticate the records, they were also inadmissible as hearsay. (Ex. A, p. 13.)

8

incomplete or damaged in some way, Judge Gillis made clear that *all* of Plaintiff's medical and mental health records were inadmissable evidence because they were not relevant to Plaintiff's habeas corpus action.

In other words, although it is troubling that Plaintiff's legal mail was not promptly delivered to him, this delay ultimately had no bearing on the denial of Plaintiff's habeas petition. Rather, Plaintiff's habeas petition was denied because the majority of his claims were procedurally defaulted for having failed to raise them on appeal, and because his sole remaining claim was without merit. (See Ex. C.) As Defendants' conduct had no impact on that analysis, they cannot be said to have denied Plaintiff meaningful access to the courts. See Cunningham v. District Attorney's Office for Escambia Cty, 592 F.3d 1237, 1272 (11th Cir. 2010) (stating that where a plaintiff's own actions or omissions, rather than the actions or omissions of the defendant, have foreclosed the plaintiff's ability to seek a judicial remedy, "[t]hat is not a violation of his right of access to the courts.")

With regard to whether Plaintiff's habeas petition presented nonfrivolous, arguable underlying claims, it is clear that Plaintiff's procedurally barred claims do not qualify. See Ramirez v. Delcore, No. C-07-48, 2007 WL 2142293, at *6 (S.D. Tex. July 25, 2007) (holding that plaintiff failed to demonstrate actual injury to viable litigation based on allegation that defendants withheld the mental health records that he sought to use in procedurally-barred habeas corpus action). It is a closer question whether Plaintiff's sole remaining claim of ineffective assistance of appellate counsel amounted to "more than hope." See Christopher, 536 U.S. at 416. Yet even assuming *arguendo* that this claim was both arguable and nonfrivolous, Plaintiff cannot satisfy the actual injury requirement to show that

Defendants denied him access to the courts because, as explained above, he fails to show that his ineffective assistance of appellate counsel claim was denied as a result of Defendants' conduct. See Cunningham, 592 F.3d at 1271.

In sum, Plaintiff has failed to establish an actual injury needed to obtain relief on his denial of access to courts claim. See Wilson, 163 F.3d at 1290-91. Accordingly, summary judgment in favor of Defendants is appropriate.[9]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** (doc. no. 30), that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[9] In light of the Court's conclusion that Defendants are entitled to summary judgment for the reasons explained above, it is unnecessary to address the merits of Defendants' remaining arguments. (Doc. no. 30-6, pp. 5-16.)